Louis B. Heller, J.
Motion by plaintiff to vacate an order dismissing the complaint for failure to prosecute. The dismissal was granted on default and the application will be considered as a motion to open such default.
*292 The action is for personal injuries as a result of an accident occurring on July 30, 1958. The summons was served on October 9, 1958, the answer on November 21, 1958, a bill of particulars was served on December 10, 1958 and examinations before trial were held on January 12, 1960.
Defendant moved, on December 14, 1961, to dismiss the complaint for failure to prosecute which motion was granted on plaintiff’s default. Almost two months after such dismissal this motion is made. In support of the instant application plaintiff’s trial attorney states his office was retained on October 31, 1961 and that he intended to place the case on the “ city couet ” Calendar after receipt of a medical report, that such report was not received “ and the motion to dismiss for lack of prosecution was not turned over to my office because of some confusion that existed in the office of the attorney of record and never reached us until some time after December 16, 1961.” The affidavit further states, “it should be clear to the Court that this case has not been placed on the calendar solely through an inadvertence.”
The motion to vacate the order of dismissal is considered as a motion to open plaintiff’s default and, as so considered, granted, and the motion to dismiss is now considered on its merits on the papers now before the court. The action had been at issue over three years without the service and filing of a note of issue before the motion to dismiss was made. As was stated in Fast v. Meenan Oil Co. (1 A D 2d 889), plaintiff has “ failed to sustain the burden of showing that the neglect was not unreasonable (Rules Civ. Prac., rule 156) ”. (Cf. O’Rourke v. City of New York, 3 A D 2d 713 and cases cited.)
Plaintiff having failed to present facts showing any reasonable excuse for the delay of over 36 months after joinder of issue in bringing the case on for trial, the motion to dismiss the complaint is granted.